## SUCCESSION OF BAKER WOODRUFF.

The testator provided for the emancipation of a number of his slaves as follows : " As soon as possible after my decease, I wish all my negroes freed that I will name, and sent to Pennsylvania, and bread and meat found them for one year, all at the expense of my estate." *Held :* that it was the intention of the testator that the negroes should be freed in this State and then be removed to Pennsylvania, and that it was not competent for the court here to grant an order authorizing the executor to remove them and to pay the expenses of their transportation and maintenance, after the Act of March 6th, 1857, preventing their emancipation here.

APPEAL from the District Court of the Parish of St. Bernard, *Foulhouze,* J. Lea & Marr, for executor, appellant. *J. E. Morse, J. Gilmore, P. E. Bonford* and *J. Vanmatre,* for appellees.

COLE, J. *Baker Woodruff* died in the month of May, 1857, leaving a last will and testament, which was dated on the 22d day of February, 1855. This will was admitted to probate on the first day of June, 1857.

In this will there is a testamentary disposition directing that a large number of his slaves should be freed.

It is in these words : " As soon as possible after my decease, I wish all my negroes freed that I will name ; " (here follow the names of the negroes,) " and

SUCCESSION OF
WOODRUFF.

sent to Pennsylvania, and bread and meat found them for one year, all at the expense of my estate."

The testamentary executor applied for an order of court authorizing him to remove the slaves to the State of Pennsylvania, to be there emancipated, and setting apart a sufficient sum to defray the expense of their transportation and their maintenance.

Notice of this application was given to the heirs present in the State and to the attorney of absent heirs.

Opposition was made to this application, on the ground that the dispositions of the last will of the deceased, relating to the manumission of the slaves and their removal to Pennsylvania, are contrary to the laws of the State of Louisiana, and to public policy, and are absolutely null and void.

The District Judge maintained the opposition and rejected the application of the executor.

From this judgment the executor has appealed.

It appears to us that the intention of the testator was, that the negroes should be freed in this State and then be removed to Pennsylvania.

In the absence of any provision of the will exhibiting an adverse intention, a testator must be presumed to have intended that the provisions of his will should be executed in accordance with the laws of the State where it is made, where he lives and has his property, rather than in accordance with the laws of a foreign State.

If the law prohibiting emancipation had not been passed, it would have been the duty of the executor under this will to have applied in this State for the emancipation of the slaves, and afterwards for a sufficient sum of money to be taken from the estate to buy for them food for their sustenance in Pennsylvania, where they were to be sent after their emancipation.

If the executor had demanded of the court permission to take the slaves to another State to be emancipated, whilst our laws would have allowed him to have freed them in this State, it is evident that the permission would have been refused, because the intention of the will was, they should be liberated in this State.

The statute approved March 6th, 1857, prevents their emancipation ; the sending of them to Pennsylvania, which was to be the consequence of their freedom, cannot then be effected. Sess Acts 1857, p. 55.

The testator lived a sufficiently long time after the enactment of the law prohibiting emancipation to have adopted some other method of enfranchising his negroes, if his intentions, as manifested in the testament. had remained unchanged.

It is unnecessary to express any opinion upon the right of a testator under our present law to authorize his executor to remove his slaves to another State for the purpose of emancipating them.

Judgment affirmed, with costs.